MEMORANDUM *
In this consolidated appeal, the government first challenges the district court’s order granting a new trial to defendants San Diego Gas & Electric (“SDG & E”), Kyle Rheubottom, and David Williamson on several counts of violating the Environmental Protection Agency’s asbestos work practice standards, 40 C.F.R. § 61.140 et seq. The government also challenges the district court’s new trial order on one count alleging that SDG & E made a false statement in violation of 18 U.S.C. § 1001. We have jurisdiction under 18 U.S.C. § 3731, and we affirm.

1. Grant of New Trial on Work Practice Counts

Our role in reviewing a district court’s grant of a new trial is limited to determining whether the district court clearly and manifestly abused its discretion. United States v. Alston, 974 F.2d 1206, 1212 (9th Cir.1992); see also United States v. Kellington, 217 F.3d 1084, 1094-95 (9th Cir.2000). In explaining the nature of our review in this context, we have said that
[ajppellate deference makes sense. Circuit judges, reading the dry pages of the record, do not experience the tenor of the testimony at trial. The balance of proof is often close and may hinge on personal evaluations of witness demean- or. And, because an order directing a new trial leaves the final decision in the hands of the jury, it does not usurp the jury’s function in the way a judgment of acquittal does.
Alston, 974 F.2d at 1212. Thus, “a court of appeals will only rarely reverse a district judge’s grant of a defendant’s motion for a new trial, and then only in egregious cases.” Id.
The regulations which formed the basis for the prosecution apply only to friable,[2] or potentially friable, material that contains more than 1% asbestos as determined by a specified testing method applied to representative samples. 40 C.F.R. §§ 61.141 & 61.145(a); see 40 C.F.R. Pt. 763, Subpt. E, App. E, §§ 1.7.1 & 1.7.2.4. Thus, at trial the government had to prove that the material in question here — pipe wrap — satisfied those conditions. At issue in this appeal is the 1% asbestos requirement.
The government argues that the district court erred in concluding that because most of the asbestos samples collected in the course of the investigation were either (1) not representative or (2) not tested properly, evidence of their asbestos content was highly prejudicial and resulted in a miscarriage of justice. We disagree.
First, the meaning of the term “representative,” as well as the proper method of testing, were disputed throughout the trial, and the district court did not hold the Federal Rule of Evidence 104 hearing that it originally contemplated would clarify what types of testing methods were appropriate and what constituted a “representative” sample under the complicated and highly technical regulations. Compounding this lack of clarity was the government’s closing argument, which implied that the jury could conclude that the pipe *631 wrap contained over 1 % asbestos by considering only the results from samples that the court later found were not representative, improperly tested, or both.
Thus, given the complexity of the issues and “the district judge’s familiarity with the evidence and his ability to evaluate the witnesses, and in light of the deferential standard of review we are bound to apply in reviewing an order granting a new trial, we cannot say the district judge abused his discretion in coming to a different conclusion than did the jury.” Alston, 974 F.2d at 1213.
We also reject the government’s contention that even if the samples were obtained in violation of the regulations, they were nonetheless admissible as circumstantial evidence of asbestos content under 40 C.F.R. § 61.12(e), the “Credible Evidence Rule.” Even if this rule applies to the alleged violations, it does not purport to limit the trial court’s discretion to exclude evidence when, as here, the prejudicial effect of the evidence substantially outweighed its probative value. See Fed. R.Evid. 403.[3]
In sum, we conclude that the district court did not abuse its discretion in granting a new trial on the asbestos work practice counts.

2. Grant of New Trial on the False Statement Count

Second, the government contends that the district court erred in granting a new trial on the false statement count because the new trial order was based solely on inconsistent verdicts. See United States v. Powell, 469 U.S. 57, 63-65, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984) (affirming the principle that inconsistent verdicts are impermissible grounds for a new trial order). Specifically, the government points out that defendant Williamson’s assertions to Environmental Protection Agency inspectors formed the basis of the false statement counts against both Williamson and SDG & E. While the jury found SDG & E guilty on this count, it failed to reach a verdict as to Williamson.
Although the jury’s failure to reach a verdict on the false statement count against Williamson troubled the district court, the new trial order did not rely solely on this apparent inconsistency. The court’s order denying reconsideration of its decision to grant a new trial indicated that a new trial was warranted on the false statement count because of the admission of confusing and prejudicial evidence, not simply because of inconsistent results in the jury’s deliberations. As we understand the district court’s ruling on reconsideration, the court reasoned that the improperly admitted evidence not only resulted in a miscarriage of justice on the work practice counts, but also infected the jury’s ability to reach a fair verdict on the false statement count. Thus, the apparent inconsistency identified by the court did not justify the new trial order; rather, it simply served as a further indicium of the fundamental unfairness of the trial.
In sum, given the deferential standard of review discussed above, as well as the district court’s familiarity with the evidence and the complexity of the issues involved, we cannot say that the grant of a new trial on the false statement count constituted an abuse of discretion.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. "Friability” refers to the ease with which asbestos-containing material can be crumbled, pulverized or reduced to powder by hand pressure. See 40 C.F.R. § 61.141.

. Given our disposition, we need not address whether the district court's new trial order should be affirmed on the alternative ground that the prosecution deprived the defendants of due process because the regulations fail to convey fair notice of how they will be applied.